1  STEPTOE & JOHNSON LLP
   MICHAEL P. McNAMARA (admitted *pro hac vice*)
2  DYLAN RUGA (admitted *pro hac vice*)
   2121 Avenue of the Stars, Suite 2800
3  Los Angeles, California 90067-5052
   Telephone:    (310) 734-3200 // Facsimile: (310) 734-3300
4  Email: mmcnamara@steptoe.com
   Email: druga@steptoe.com
5
   BROWNSTEIN HYATT FARBER SCHRECK, LLP
6  KIRK B. LENHARD (Nevada Bar No. 1437)
   100 North City Parkway, Suite 1600
7  Las Vegas, Nevada 89106
   Telephone:  (702) 382-2101 // Facsimile: (702) 382-8135
8  Email: klenhard@bhfs.com

9  Attorneys for Defendants
   GREENBERG TRAURIG, LLP,
10 GREENBERG TRAURIG, P.A., and
   SCOTT D. BERTZYK

11                          **UNITED STATES DISTRICT COURT**

12                                 **DISTRICT OF NEVADA**

13

| FRIAS HOLDING COMPANY, a corporation; and MARK A. JAMES, an individual, | CASE NO. 2:11-CV-160-GMN-(VCF) |
|---|---|
| Plaintiffs, | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR CLARIFICATION OF THE COURT'S RULING ON MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF DYLAN RUGA, IN SUPPORT THEREOF** |
| vs. | |
| GREENBERG TRAURIG, LLP, a limited liability partnership, GREENBERG TRAURIG, P.A., a professional association, SCOTT D. BERTZYK, an individual, DOES 1 through X; and ROE ENTITIES XI through XX, inclusive, | |
| Defendants. | [[PROPOSED] ORDER filed/lodged concurrently herewith] |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that Defendants Greenberg Traurig, LLP, Greenberg Traurig, P.A., and Scott Bertzyk (collectively, "Defendants") will and hereby do move the Court for clarification regarding the Court's September 27, 2012 Order (Docket No. 37) certifying, to the Nevada Supreme Court, the potentially dispositive question of whether Nevada law recognizes an exception to the common law litigation privilege for legal malpractice and professional negligence actions (the "Certified Question").

Defendants seek clarification with respect the status of this case, pending the resolution of the Court's Certified Question and respectfully request that the case be stayed pending this resolution.

This motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Dylan Ruga filed concurrently herewith, the pleadings, files and records in this case and such further evidence and oral argument as may be presented by Defendants prior to or at the hearing on the motion.

Dated:   December 18, 2012         STEPTOE & JOHNSON LLP
                                   Michael P. McNamara
                                   Dylan Ruga

                                   BROWNSTEIN HYATT FARBER SCHRECK, LLP
                                   Kirk B. Lenhard

                                   By: /s/ Dylan Ruga
                                         DYLAN RUGA

                                   Attorneys for Defendants
                                   GREENBERG TRAURIG, LLP,
                                   GREENBERG TRAURIG, P.A., and
                                   SCOTT D. BERTZYK

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

In the interest of judicial economy and the conservation of resources, Defendants bring this motion for clarification of the Court's September 27, 2012 Order relating to Defendants' motion to dismiss.

Defendants argued in their motion to dismiss, among other things, that each of Plaintiffs' claims are barred by the litigation privilege. In its Order, the Court:

1. Certified to the Nevada Supreme Court the question of whether Nevada law recognizes an exception to the litigation privilege for legal malpractice actions; and

2. Permitted Defendants to renew their motion to dismiss, and the litigation privilege issue, with this Court following the Supreme Court's decision.

However, the Court did not expressly stay the case pending the resolution of this potentially dispositive issue by the Supreme Court. Defendants respectfully request that the Court issue an order clarifying its ruling and stay this case pending the Supreme Court's decision.

**II.     BACKGROUND**

On October 26, 2011, Defendants filed a motion to dismiss Plaintiffs' First Amended Complaint. *See* Docket No. 30 ("Defendants' Motion to Dismiss"). Defendants argued, among other things, that Plaintiffs' claims are barred by Nevada's litigation privilege. *See id.* at pg. 15.

On September 27, 2012, the Court issued its ruling on the Motion to Dismiss. *See* Docket No. 37 (the "Order"). The Court stated that "most, if not all, of Plaintiffs' claims rely on statements made during the course of" a litigation and "<u>a dispositive question exists whether those statements are privileged</u>." *See id.* at pg. 12 (emphasis added). However, the Court found no controlling Nevada Supreme Court authority regarding the existence of a legal malpractice exception to the litigation privilege and certified the following question (the "Certified Question") to the Nevada Supreme Court:

> *Whether Nevada law recognizes an exception to the common law litigation privilege for legal malpractice and professional negligence actions.*

*See id.* at pg. 14. The Court denied Defendants' motion to dismiss without prejudice but granted

1  Defendants permission to renew the Motion to Dismiss and "renew the issue regarding litigation
2  privilege within thirty (30) days of the resolution of the Court's Certified Question to the Nevada
3  Supreme Court." *Id.* at pgs. 1, 14.

4      The Court did not expressly stay the action pending this resolution of this potentially
5  dispositive issue.

## III. DISCUSSION

    Defendants respectfully request that the Court clarify its Order and stay this lawsuit pending the resolution of the Certified Question by the Nevada Supreme Court. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936). Each of the allegedly "false and defamatory" statements allegedly made by Mr. Bertzyk about Mr. James and Mr. James' law firm were made in the course of a judicial proceeding. If the Supreme Court finds that these statements are privileged, then each of Plaintiffs' claims should be dismissed. Unless this matter is stayed, the parties and the Court will risk unnecessarily incurring resources pending the Supreme Court's decision whereas neither party will be prejudiced by such a stay.

### A.    Clarification Regarding a Stay in This Matter Is Necessary.

Based on the following procedural posture of this case, Defendants reasonably believed that a stay was implicit in the Court's Order:

- On November 29, 2010, the case was filed in state court;
- On January 31, 2011, Defendants removed the case to federal court [Dkt. No. 1];
- On February 7, 2011, Defendants moved to dismiss the complaint [Dkt. No. 9];
- On September 26, 2011, the Court granted Defendants' motion to dismiss without prejudice [Dkt. No. 26];
- On October 12, 2011, Plaintiffs filed a First Amended Complaint ("FAC") [Dkt. No. 27];
- On October 26, 2011, Defendants moved to dismiss the FAC [Dkt. No. 30];
- On September 27, 2012, the Court denied Defendants' motion to dismiss the FAC

1         without prejudice, pending resolution of the Certified Question [Dkt. No. 37];

2     •  To date, the Court has not set a Scheduling Conference or issued a Scheduling

3        Order; and

4     •  To date, the parties have not had a Rule 26(f) conference.

5 Declaration of Dylan Ruga, ¶ 2.

6     In short, this case has been pending for over two years and the parties have not engaged in

7 any discovery. Now that the parties are awaiting resolution of the Certified Question, which

8 could dispose of the matter entirely, Defendants reasonably assumed that discovery was stayed.

9 Ruga Decl., ¶ 3.

10     Nevertheless, on or about December 12, 2012, Plaintiffs' counsel indicated for the first

11 time that Defendants should immediately file an answer, and discovery should commence,

12 because, procedurally, the motion to dismiss was denied. Ruga Decl., ¶ 4.

13     In light of the foregoing, clarification is necessary here because ambiguity remains about

14 whether the action is stayed pending resolution of the Certified Question by the Supreme Court.

15 Ruga Decl., ¶ 5. Where "the parties have identified a ruling by the Court that is ambiguous,

16 contradictory, or otherwise uncertain, so as to impede forward progress in the case, clarification is

17 warranted." *Mountain View Hosp., L.L.C. v. Sahara, Inc.*, No. 4:07-cv-464-BLW, 2012 WL

18 397704, at *2 (D. Idaho Feb. 7, 2012).

19     **B.**     **Good Cause Exists to Stay This Case Pending a Decision from the Nevada**

20           **Supreme Court on the Certified Question.**

21     In its Order, the Court found that "most, if not all, of Plaintiff's claims rely on statements

22 made during" a judicial proceeding and if these statements are privileged, "one or more of

23 Plaintiffs' claims may be dismissed with prejudice." Order, at pg. 12. However, the Court could

24 find no controlling precedent relating to whether there is an exception to this litigation privilege

25 in legal malpractice actions.

26     A stay of this proceeding pending resolution of the Certified Question by the Supreme

27 Court is necessary to prevent the unnecessary waste of resources by the parties and the Court in

28 the interim. This stay would also be in line with courts' orders in similar procedural situations.

-4-

MOTION FOR CLARIFICATION OF THE COURT'S RULING

Doc. # DC-8120415 v.1

*See, e.g.*, *Harding v. Cianbro Corp.*, 436 F.Supp.2d 153, 157 & n.5 (D.Me 2006) (discussing court's granting of stay pending resolution of certified question).

Neither party would be prejudiced by this stay. The Court has already ordered that Defendants are permitted to renew their motion to dismiss following the Supreme Court's decision and the parties can litigate this matter at that point with the benefit of the Supreme Court's guidance on this critical issue.

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court clarify its Order and stay this case pending the Supreme Court's resolution of the Certified Question.

Dated: December 18, 2012

STEPTOE & JOHNSON LLP
Michael P. McNamara
Dylan Ruga

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Kirk B. Lenhard

By: /s/ Dylan Ruga
    DYLAN RUGA

Attorneys for Defendants
GREENBERG TRAURIG, LLP,
GREENBERG TRAURIG, P.A., and
SCOTT D. BERTZYK