**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

FRIAS HOLDING COMPANY, *et al.*,

        Plaintiffs,

vs.

GREENBERG TRAURIG, LLP, *et al.*,

        Defendants.

Case No. 2:11–cv–160–GMN–VCF

**ORDER**

This matter involves Mark James' malpractice action against Scott Bertzyk and Greenberg Traurig. Before the court is Bertzyk's Motion to Stay Discovery (#63[1]). James opposed (#64) and Bertzyk replied (#65).[2] For the reasons stated below, Bertzyk's Motion to Stay Discovery is denied.

**BACKGROUND[3]**

Defendant Scott Bertzyk is an attorney with the law firm Greenberg Traurig, LLP. Plaintiff Mark James was an attorney with the law firm Bullivant Houser Bailey, P.C. In May of 2005, Bertzyk and James were opposing counsel in two a commercial real estate actions in California and Nevada. James represented the sellers, Hotels Nevada, LLC, and Inns Nevada, LLC, and Bertzyk represented the buyers, L.A. Pacific Center, Inc. Before the actions were resolved, James transitioned out of the litigation and became president and CEO of Frias Holding Company, a taxi and limousine service company.

---

[1] Parenthetical citations refer to the court's docket.

[2] Greenberg Traurig file a request for judicial notice (#65) with its reply. The court declines to take judicial notice at this time because the issue was raised for the first time in connection with a reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

[3] The following facts are stated for background purposes only and are taken from the Nevada Supreme Court's decision in *Greenberg Traurig v. Frias Holding Co.*, 331 P.3d 901, 902–03 (Nev. 2014) (en banc).

In June of 2008, the California action entered arbitration, during which Bertzyk allegedly asserted that James committed fraud and concealed or manipulated evidence. The arbitration panel found in favor of Bertzyk's client and, according to James, Bertzyk advised one of James' clients that it should consider filing a malpractice claim against James.

Meanwhile, James' retained Bertzyk's firm, Greenberg Traurig, in connection with James' operation of Frias Holding Company and a personal matter. No one at Greenberg Traurig informed James about Bertzyk's alleged statements. Nonetheless, while Greenberg Traurig was representing James, it commenced an action against James' former firm in connection with James' alleged malpractice. In support of the action, Bertzyk submitted a declaration that reiterated the comments he made during the arbitration proceeding: that James committed fraud and concealed or manipulated evidence.

When James discovered this, he terminated his relationship with Greenberg Traurig and commenced this action. James alleges that Bertzyk and Greenberg Traurig committed malpractice and breached their professional and fiduciary duties.

**LEGAL STANDARD**

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. Discovery is expensive. And the Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED. R. CIV. P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion

is pending. *See, e.g.*, *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Obtaining a protective order is a challenging task. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (citing *Cipollone v. Liggett Group, Inc*., 785 F.2d 1108, 1121 (3rd Cir. 1986)). "To justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Serrano v. Cintas Corp*., 699 F.3d 884, 901 (6th Cir. 2012) (citation omitted).

In the context of a motion to stay discovery pending a dispositive motion, Rule 26(c) requires the movant to (1) show that the dispositive motion raises no factual issues, *see Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984), and (2) "convince" the court that the dispositive motion will be granted. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982) (citing *B. R. S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) ("A district court may properly exercise its discretion to deny discovery where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted."); *see also Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (permitting a stay of discovery where a pending dispositive motion (1) is "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought" and (2) can be decided without additional discovery).

When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *TradeBay, LLC v. Ebay, Inc*., 278 F.R.D. 597, 603 (D. Nev. 2011). The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. *Id*. "Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery

with the goal of accomplishing the objectives of Rule 1." *Id*. Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *See Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982).

## DISCUSSION

Bertzyk contends that discovery should be stayed because his motion to dismiss raises one issue: "whether [James'] claims, properly characterized, are barred by Nevada's absolute litigation privilege, which operates as an immunity to suit." (Mot. to Stay (#63) at 2:21–23). The court is not "convinced" that Bertzyk's motion presents an appropriate basis for granting a stay of discovery.

On December 21, 2012, the Honorable Gloria M. Navarro, Chief U.S. District Judge, certified a question to the Supreme Court of the State of Nevada in connection with this action. (Mins. Proceedings #43). Judge Navarro asked: "Whether Nevada law recognizes an exception to the common law litigation privilege for legal malpractice and professional negligence actions." (Order Accepting Cert. Q. #44). On August 7, 2014, the Court entered an opinion answering Judge Navarro's question. The court held that "Nevada law recognizes the exception." *Greenberg Traurig v. Frias Holding Co*., 331 P.3d 901, 902 (Nev. 2014) (en banc).

As stated in *Greenberg Traurig*, Nevada has long recognized the common-law rule that "communications uttered or published in the course of judicial proceedings are absolutely privileged." *Id*. at 903 (citations omitted). The privilege promotes an attorney's ability to zealously advocate his or her client and "applies as long as the statements are in some way pertinent to the subject of the controversy." *Id*. at 903–04 (citations and internal quotation marks omitted). However, an attorney may not invoke the privilege where, as here, an attorney's communication allegedly harms his client. *See id*. at 904.

As a result of the Court's decision, Bertzyk's Motion to Dismiss faces two hurdles. He must, first, demonstrate that James' claims sound in defamation, not legal malpractice as alleged, and, second, that

4

James' disguised defamation claims will fail as a matter of law. Like the Nevada Supreme Court, this court "makes no comment on the viability or merits" of James' claims or Bertzyk's motion to dismiss. The court merely recognizes that the nature of the claims and defenses do not present an appropriate basis for granting a stay of discovery.

This matter is unlike the typical situations where a stay of discovery is appropriate (e.g., motions involving jurisdiction, venue, or immunity). Here, the parties do not agree on the nature of the underlying claims. James asserts that his claims sound in malpractice and Bertzyk's contends that the claims sound in defamation. As Bertzyk's points out in his Motion to Dismiss, this disagreement requires the court to examine "the underlying conduct which forms the basis of plaintiff's claim." (Mot. to Dismiss (#50) at 7:27) (string citation omitted). Examining "the underlying conduct which forms the basis of plaintiff's claim" will likely be the first step the District Judge takes when deciding Bertzyk's Motion to Dismiss. As a result, the court is not convinced that a stay of discovery, which will limit the disclosure of additional facts, furthers the objectives of Rule 1. *See TradeBay*, 278 F.R.D. at 603.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Bertzyk's Motion to Stay Discovery (#63) is DENIED.

IT IS SO ORDERED.

DATED this 19th day of March, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE