UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FRIAS HOLDING COMPANY, a corporation; )
and MARK A. JAMES, an individual,      )
                                       )   Case No.: 2:11-cv-00160-GMN-VCF
                Plaintiffs,            )
        vs.                            )   **ORDER**
                                       )
GREENBERG TRAURIG, LLP, a limited      )
liability partnership, GREENBERG       )
TRAURIG, P.A., a professional association, )
SCOTT D. BERTZYK, an individual, DOES 1 )
through X; and ROE ENTITIES XI through )
XX, inclusive,                         )
                                       )
                Defendants.            )
_____)

Pending before the Court is the Renewed Motion to Dismiss the First Amended Complaint (ECF No. 50) filed by Defendants Scott Bertzyk, Greenberg Traurig, P.A., and Greenberg Traurig, LLP (collectively, "Defendants" or "Greenberg Traurig"). Plaintiffs Frias Holding Company ("FHC") and Mark A. James ("Mr. James") (collectively, "Plaintiffs") filed a Response (ECF No. 55) and Defendants filed a Reply (ECF No. 56).

**I.      BACKGROUND**

The facts of this case are detailed in the Court's previous orders. (*See* ECF Nos. 26 and 37). Before the case was removed to this Court, Plaintiffs initially filed suit in state court on November 29, 2011. (Compl., Ex. A to Pet. Removal, ECF No. 1-2). Plaintiffs' original complaint alleged nine causes of action arising out of Defendant Greenberg Traurig's prior legal representation of FHC and Mr. James: (1) legal malpractice; (2) breach of fiduciary duty; (3) professional negligence; (4) breach of contract; (5) contractual breach of the implied covenant of good faith and fair dealing; (6) tortious breach of the implied covenant of good

faith and fair dealing; (7) declaratory relief; (8) deceptive trade practices; and (9) injunctive relief. (*Id.* at ¶¶ 96-168).

Subsequently, Defendants filed a Motion to Dismiss Plaintiffs' Complaint (Defs.' Mot. Dismiss, ECF No. 9), which the Court granted on September 26, 2011, dismissing the Complaint without prejudice, with leave to amend. (Order Grant'g Defs.' Mot Dismiss, ECF No. 26). In response, Plaintiffs filed the First Amended Complaint ("FAC") alleging seven causes of action: (1) legal malpractice; (2) breach of fiduciary duty; (3) professional negligence; (4) breach of contract; (5) contractual breach of the implied covenant of good faith and fair dealing; (6) tortious breach of the implied covenant of good faith and fair dealing; and (7) deceptive trade practices. (Am. Compl. ¶¶ 109–169, ECF No. 27).

On October 26, 2011, Defendants filed a Motion to Dismiss Plaintiffs' FAC. (*See* Defs.' Mot to Dismiss, ECF No. 30). In its Order, the Court certified the following question to the Nevada Supreme Court: whether Nevada law recognizes an exception to the common law litigation privilege for legal malpractice and professional negligence actions. (Order Deny'g Defs.' Mot to Dismiss 14:1–4, ECF No. 37). The Court denied Defendants' Motion without prejudice and granted Defendants permission to renew the issue regarding the litigation privilege within thirty (30) days of the resolution of the Court's Certified Question to the Nevada Supreme Court. (*Id.* 14:6–9). On August 7, 2014, the Nevada Supreme Court issued an opinion, answering the Court's question in the affirmative. (*See* Opinion of Nevada Supreme Court, ECF No. 45). On September 5, 2014, Defendants' filed the instant Renewed Motion to Dismiss Plaintiffs' FAC. (ECF No. 50).

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under

Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give a defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, a court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

Courts, however, are not required to accept as true, allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

### III.   DISCUSSION

In the instant Motion to Dismiss, Defendants assert that Plaintiffs' FAC should be dismissed because Plaintiffs' "claims sound in defamation (not legal malpractice) and are barred by Nevada's litigation privilege." (Defs.' Renewed Mot. to Dismiss 6:19–21, ECF No. 50). This argument was also raised in Defendants' previous Motion to Dismiss Plaintiffs' FAC. (Defs.' Mot. to Dismiss 20:22–23:3, ECF No. 30). Finding the instant action to be a legal malpractice action, the Court certified the following question to the Nevada Supreme Court: whether Nevada law recognizes an exception to the litigation privilege for legal malpractice actions. (Order Deny'g Defs.' Mot to Dismiss 14:1–4, ECF No. 37). Denying the previous Motion to Dismiss without prejudice, the Court also granted Defendants leave to renew its Motion "dependent upon the Nevada Supreme Court's resolution of the certified question." (*Id.* 1:24–25).

The Nevada Supreme Court answered the Court's certified question in the affirmative,

holding that Nevada law does recognize an exception to the litigation privilege for legal malpractice actions. (*See* Opinion of Nevada Supreme Court, ECF No. 45).  Construing Plaintiffs' claims as alleged in the FAC, Plaintiffs' claims survive Defendants' Motion to Dismiss.  However, Defendants now attempt to reassert that Plaintiffs' claims sound in defamation. (Defs.' Renewed Mot. to Dismiss 6:19–21).

Before the Court certified this question, it was well settled Nevada law that the litigation privilege barred defamation claims. *Jacobs v. Adelson*, 325 P.3d 1282, 1285 (Nev. 2014); *Circus Circus Hotels, Inc. v. Witherspoon*, 657 P.2d 101, 104 (Nev. 1983).  Moreover, the Nevada Supreme Court's opinion did not change this established precedent.  Accordingly, certification to the Nevada Supreme Court would not have been necessary, nor would have it occurred, had the Court previously found that Plaintiffs' claims sound in defamation.  However, the Court certified the question because Plaintiffs' claims sound in legal malpractice.  Thus, based on the Nevada Supreme Court's opinion, Plaintiffs' claims survive Defendants' Motion to Dismiss.

Nevertheless, even assuming, *arguendo*, that the Court had granted Defendants leave to reassert the issue of whether Plaintiffs' claims sound in defamation, the Court would not dismiss Plaintiffs' claims.  Although Plaintiffs allege that Mr. Bertzyk did make false and defamatory statements that were injurious to Mr. James, Plaintiffs' allegations, taken as true, support the claims as asserted in the First Amended Complaint.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss the First Amended Complaint (ECF No. 50) is **DENIED**.

**DATED** this 10th day of April, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge