DANIEL R. MCNUTT
Nevada Bar No. 7815
MATTHEW C. WOLF
Nevada Bar No. 10801
CARBAJAL & MCNUTT, LLP
625 South Eighth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-1170
Facsimile: (702) 384-5529
drm@cmlawnv.com
mcw@cmlawnv.com

Attorney for Plaintiffs
*Frias Holding Company*
*and Mark A. James*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRIAS HOLDING COMPANY, a Nevada corporation; and MARK A. JAMES, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>GREENBERG TRAURIG, LLP, a Nevada limited liability partnership; GREENBERG TRAURIG, P.A., a Florida professional association; SCOTT D. BERTZYK, an individual; DOES 1 through X; and ROE ENTITIES XI through XX, inclusive,<br><br>Defendants. | Case No. 2:11-cv-00160-GMN-VCF<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

**STIPULATED CONFIDENTIALITY AGREEMENT**
**AND PROTECTIVE ORDER**

Plaintiffs Frias Holding Company and Mark A. James (herein collectively referred to as "Plaintiffs"), Defendants Greenberg Traurig, LLP, Greenberg Traurig, P.A., and Scott D. Bertzyk (herein collectively referred to as "Defendants"), by and through their respective counsel of record, hereby stipulate and agree, pursuant to F.R.C.P. 29 and U.S. District Court Rules 6-2 and 7-1, that the use and handling of "Confidential Information" as defined below in connection with the above-captioned proceeding (the "Case") shall be governed by and subject to the provisions set forth

below:

Plaintiffs and Defendants are each collectively a "Party" and are referred to as the "Parties." Any reference to a Party or a person or non-party means, unless otherwise indicated, a natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, subsidiary, division, affiliate, parent company, and any other form of business organization or arrangement, or government agency of any nature or type, and includes the Party or person or non-party's officers, directors, managers, members, employees, agents, representatives, shareholders, independent contractors, attorneys, accountants, and/or all other person(s) over which the Party or person or non-party has control or which act or purport to act on their behalf. The Party or any person or non-party producing or disclosing Confidential Information is hereinafter referred to as the "Producing Party"; the Party or any person or non-party receiving or being given access to Confidential Information is hereinafter referred to as the "Receiving Party."

**1. Purposes and Limitations.** Discovery in this Case may involve the use, production, and disclosure of confidential, financial, proprietary, sensitive, personal, and/or private information for which special protection from public disclosure and from use for any purpose other than in prosecuting, defending, settling or otherwise litigating this Case, including any appeals, and/or for enforcing and/or collecting any judgment entered in this Case, would be warranted and consistent with the public policy of this State. The use, production and/or disclosure of Confidential Information, as defined in Section 2 of this Stipulated Confidentiality Agreement and Protective Order ("Stipulation and Order"), could severely injure or damage the Producing Party and place the Producing Party at a competitive disadvantage if accomplished in any manner inconsistent with the terms and conditions of this Stipulation and Order.

In the interest of expediting and facilitating discovery, permitting the same to proceed without delay occasioned by possible disputes regarding claims of confidentiality, and balancing the interests of the Parties, this Stipulation and Order establishes a procedure for producing, disclosing and using Confidential Information without involving the Court unnecessarily in the process; imposes obligations upon all Parties, persons and non-parties receiving Confidential

Information to protect it from unauthorized production, disclosure and/or use; and establishes a procedure for challenging confidentiality designations or markings.

**2. Confidential Information.** "Confidential Information" means any and all information, documents, materials, items and things, including, without limitation, all copies, summaries, abstracts, excerpts, charts or compilations thereof, any facts or information contained therein or derived therefrom, regardless of the medium or manner generated, stored, or maintained, in whole or in part, produced in discovery in this Case, and which the Producing Party believes in good faith constitutes trade secrets, confidential research and development information, know-how, proprietary information, financial information, marketing information, commercial information, corporate governance information, or otherwise highly personal and sensitive information that the Producing Party maintains in confidence and reasonably believes in good faith that the unprotected production, disclosure and/or use might result in harm or injury to the privacy rights or contractual rights of the Producing Party and might result in economic harm or competitive injury to the Producing Party if produced, disclosed and/or used outside of this litigation. In producing, disclosing or otherwise revealing Confidential Information, the Producing Party shall designate or mark the same as "CONFIDENTIAL—Subject to Court Order," pursuant to the requirements of Section 3 of this Stipulation and Order.

**3. Designation of Confidential Information.** When the Producing Party produces and/or discloses Confidential Information, it shall be clearly designated or marked at the expense of the Producing Party as "CONFIDENTIAL—Subject to Court Order" and treated as confidential by the Receiving Party unless and until the Producing Party withdraws the designation or marking or this Court rules to the contrary. The legend "CONFIDENTIAL—Subject to Court Order" shall be stamped or affixed in such a way as to not obliterate or obscure any written matter. Stamping or affixing the legend "CONFIDENTIAL—Subject to Court Order" on the cover of any multi-page document, material, item or thing shall signify that all pages or parts thereof are confidential, unless otherwise indicated by the Producing Party; provided, however, that the designation or marking should be made, to the extent possible, on each page of the document, material, item or thing. If

designation or marking in this manner is impossible or impractical, the Producing Party may use such other method of designation or marking as is reasonable under the circumstances. The Parties shall, in good faith, designate or mark as "CONFIDENTIAL—Subject to Court Order" only such discovery material(s) as reasonably requires confidential treatment. If only a part or portion of a document, material, item or thing produced or disclosed through discovery in this Case by the Producing Party warrants protection, the Producing Party, to the extent practicable, shall identify the protected part(s) or portion(s) and clearly designate or mark the same as "CONFIDENTIAL—Subject to Court Order." Any such designation or marking shall take place prior to production or disclosure by the Producing Party; provided, however, that in the event that any document, material, item or thing that contains Confidential Information is made available for inspection by a Party and the Producing Party indicates that such inspection contains Confidential Information, there will be no waiver of confidentiality by the inspecting of such document, material, item or thing by the inspecting Party before it is copied and designated or marked as "CONFIDENTIAL—Subject to Court Order," and the inspecting Party shall treat the inspected discovery material(s) as confidential. If the document, material, item or thing is stored or recorded electronically, and the legend cannot be stamped or affixed upon it, the Producing Party may designate or mark the same as "CONFIDENTIAL—Subject to Court Order" by cover letter.

In the event that the Producing Party fails, through inadvertence or otherwise, to designate or mark any discovery material(s) as containing Confidential Information, it may make such designation or marking subsequently by notifying the Parties or persons or non-parties to whom such discovery material(s) was produced or disclosed pursuant to Section 7 of this Stipulation and Order, in writing, as soon as practicable. Such notice shall be accompanied by substitute copies of the discovery material(s) at issue, properly designated or marked as "CONFIDENTIAL—Subject to Court Order," and the Receiving Party shall promptly destroy or return the previously undesignated or unmarked copies of the discovery material(s) at issue to the Producing Party, along with all copies, summaries, abstracts, excerpts, charts or compilations thereof, but in no event later than ten (10) days after receipt of notice and substitute copies from the Producing Party. The Parties or

persons or non-parties who received or were given access to Confidential Information previously undesignated or unmarked must make reasonable efforts to treat the designated or marked discovery material(s) as confidential, subject to their right to dispute such designation or marking in accordance with Section 12 of this Stipulation and Order; provided, however, that the inadvertent failure of a Producing Party to designate or mark certain discovery material(s) as containing Confidential Information shall not be deemed, by itself, to be a waiver of the Producing Party's right to so designate or mark such discovery material(s) as "CONFIDENTIAL—Subject to Court Order." Disclosure or dissemination by a Receiving Party of such discovery material(s) to any person or non-party prior to later designation or marking of the discovery material(s) by the Producing Party in accordance with this Section shall not violate the terms and conditions of this Stipulation and Order; provided, however, that the Receiving Party shall provide the person or non-party with a copy of this Stipulation and Order and inform the person or non-party in a manner substantially-similar to the following (the "Admonition"):

> You are hereby advised that the Court in which this action is pending has issued an order for the confidentiality of certain documents and information, a copy of which has been furnished to you, and that you are to hold in confidence and not produce, disclose, or otherwise reveal to anyone not qualified under the Court's order any documents or information which are designated or marked as "CONFIDENTIAL—Subject to Court Order," and that the same will be maintained by you in a safe and secure place. Any failure to comply with such obligations will expose you to sanctions and punishment in the nature of contempt.

A designation or marking of "CONFIDENTIAL—Subject to Court Order" may subsequently be withdrawn by the Producing Party or by order of the Court. By designating or marking discovery material(s) as containing Confidential Information, the Producing Party is certifying to the Court that there is a good faith basis, both in law and in fact, for the designation or marking within the meaning of F.R.C.P. 26(g).

**4. Use of Confidential Information Generally.** All Confidential Information designated or marked as provided herein shall be used by the Parties or persons or non-parties to whom such Confidential Information is produced, disclosed or otherwise made available as

permitted under Section 7 of this Stipulation and Order solely for the purposes of this lawsuit and for no other purpose whatsoever, including, without limitation, a business or competitive purpose, without prior written approval from the Court or the prior written consent of the Producing Party. Except as otherwise provided herein, Confidential Information shall not be produced, disclosed or otherwise revealed to anyone other than to the Parties and/or those persons or non-parties identified in Section 7 of this Stipulation and Order and shall be handled in the manner set forth herein until such designation or marking is removed by the Producing Party or by order of the Court. The Receiving Party, or any person or non-party receiving or being given access to Confidential Information, must proceed as follows:

a. Store and maintain such Confidential Information in a secure manner, within their exclusive possession and control;

b. Take all measures reasonably necessary to maintain the confidentiality of such information, documents, materials, items and things; and

c. Not permit or participate in the unauthorized production, disclosure or use of such Confidential Information.

All Parties and persons or non-parties obtaining, receiving or being given access to Confidential Information in accordance with the terms and conditions of this Stipulation and Order consent to the continuing jurisdiction of this Court for the purpose(s) of enforcing this Stipulation and Order and/or remedying any violations thereof.

Nothing herein shall preclude the Producing Party from using its own Confidential Information.

**5. Use of Confidential Information in Depositions.** Parties shall have the right to use Confidential Information during depositions consistent with the terms and conditions of this Stipulation and Order unless otherwise agreed to by the Parties in writing or on the record at a deposition. To the extent a third-party deponent (or a person/entity not otherwise authorized herein or hereby to receive Confidential Information) is present, counsel for the Parties are obligated, prior to dissemination of information, documents, materials, items or things designated as

"CONFIDENTIAL—Subject to Court Order", to provide a copy of this Stipulation and Order to the third-party deponent (or other person/entity not otherwise authorized herein or hereby to receive Confidential Information) and state the Admonition, or a substantially-similar admonition, on the record in the deposition.

At any deposition session, upon inquiry with regard to the content of any discovery material(s) designated or marked as "CONFIDENTIAL—Subject to Court Order," or whenever counsel for a Party deems that the answer to a question may result in the disclosure or revelation of Confidential Information, or whenever counsel for a Party deems that the answer to any question has resulted in the disclosure or revelation of Confidential Information, the deposition (or portions thereof) may be designated or marked by the affected Party as containing Confidential Information subject to the provisions of this Stipulation and Order. When such designation or marking has been made, the testimony or the transcript of such testimony shall be disclosed or produced only to those Parties or persons or non-parties described in Section 7 of this Stipulation and Order, including any testifying non-party deponent, and the Confidential Information contained therein shall be used only as specified in this Stipulation and Order. Counsel for the affected Party may alternatively direct that the question and answer be transcribed separately from the remainder of the deposition and designated or marked as "CONFIDENTIAL—Subject to Court Order." Moreover, all originals and copies of deposition transcripts that contain Confidential Information and/or exhibits containing Confidential Information shall be prominently designated or marked as "CONFIDENTIAL — Subject to Court Order" on the cover thereof and, if and when filed with the Court, the portions of such transcript and/or exhibit(s) so designated or marked shall be filed under seal in accordance with Section 8 of this Stipulation and Order.

Counsel for the affected Party may request that all individual(s) not qualified under this Stipulation and Order to obtain, receive, or otherwise be given access to Confidential Information leave the deposition session during the confidential portion of the deposition.

Counsel for a Party must designate or mark portions of a deposition transcript by page and line number(s), including any confidential exhibit(s) attached thereto, as "CONFIDENTIAL—

Subject to Court Order," within thirty (30) days of receiving the transcript and corresponding exhibit(s). Designations or markings may be made by letter to all counsel of record or on the record during the deposition. Portions of deposition transcripts so designated or marked shall be treated as Confidential Information by the Parties as set forth herein. If all or a portion of a videotaped deposition is intended to be designated or marked as "CONFIDENTIAL—Subject to Court Order," the videocassette, videotape, DVD, CD-ROM or other electronic medium storing or maintaining the deposition testimony shall be stamped or affixed with the legend "CONFIDENTIAL—Subject to Court Order." During the thirty (30) day period, the entire transcript of the deposition shall be treated as confidential. If no confidential designations or markings are made within the thirty (30) day period, the entire deposition transcript shall be considered non-confidential.

**6. Use of Confidential Information in Court.** At any pre-trial proceeding before the Court in connection with this Case, a Party may, subject to the rules of evidence and Nevada law, disclose or refer to confidential information in accordance with the provisions of this Stipulation and Order, unless otherwise ordered by the Court. In the event that any Confidential Information is used or referenced in Court, it shall not lose its confidential status by and through such use or reference, and the Parties shall take all measures reasonably necessary to maintain its confidentiality during such use or reference. If Confidential Information is disclosed or referred to in any pre-trial court proceeding, the portion of the transcript, if any, containing or referring to such Confidential Information shall be treated and handled in accordance with this Stipulation and Order and FRCP 5.2 and U.S. District Court Rule 10-5 Governing Sealing and Redacting Court Records. Nothing in this Stipulation and Order, or designations of confidentiality hereunder, shall in any way affect the treatment of Confidential Information at the trial of this action. Should the Producing Party desire that Confidential Information be treated as confidential at trial, the Producing Party must make an appropriate request to the Court for such treatment at the time set forth by the Court for consideration of motions *in limine* or at such other time as directed by the Court.

**7. Disclosure of Confidential Information.** Confidential Information shall not be used or shown, disclosed, revealed, disseminated, copied or in any way communicated to any

person or entity for any purpose whatsoever; provided, however, that Confidential Information may be produced, disclosed or otherwise revealed as permitted under this Stipulation and Order to the recipients designated below:

a. Retained counsel for a Party (including attorneys associated with the law firm of counsel and the paralegal, clerical, and secretarial staff employed by such counsel);

b. A Party, or any current or former insurers, officers, directors, shareholders, counsel, and employees of a Party

deemed reasonably necessary by counsel for the Party to aid in the prosecution, defense, or settlement of this Case;

c. Outside experts or consultants (together with their clerical and secretarial staff) retained by counsel for the Parties to assist in the prosecution, defense, or settlement of this Case, to the extent reasonably necessary to perform their work in connection with this Case;

d. Third party vendors assisting with clerical and data processing involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery material(s), to the extent reasonably necessary to assist a Party or its counsel in this Case;

e. This Court and its staff and any other court, tribunal, or dispute resolution officer duly appointed, chosen or assigned in connection with this Case;

f. Court reporter(s) and videographer(s) employed in this Case, including without limitation, persons operating video recording equipment or devices at depositions or hearings and persons preparing transcripts of testimony to the extent reasonably necessary to perform their work in connection with this Case;

g. A witness at any deposition or other proceeding in this Case, subject to the terms and conditions of Section 5 of this Stipulation and Order;

h. The original source of the Confidential Information (its author), and any addressee(s), and/or recipient(s) thereof who received such Confidential Information in the ordinary course of business; and

i. Any other person or non-party as to whom the Parties agree in writing may be given access to Confidential Information or that the Court in this Case designates.

Any person or non-party to whom Confidential Information is disclosed or revealed pursuant to subparts (c), (d) (g) or (i) of this Section shall be advised that the Confidential Information is being disclosed or revealed pursuant to an Order of the Court and agreement of the Parties; that the Confidential Information may not be disclosed or revealed by such person or non-party to any other person or non-party not permitted to have access to the Confidential Information pursuant to this Section; and that any violation of this Stipulation and Order may result in the imposition of such sanctions as the Court deems proper. Any such person or non-party to whom Confidential Information will be disclosed or revealed pursuant to subparts (c), (d), (g) or (i) of this Section shall, prior to receiving or being given access to information, documents, materials, items or things designated or marked as "CONFIDENTIAL—Subject to Court Order," first be given a copy of this Stipulation and Order and provided with the Admonition, or a substantially-similar admonition.

If a Party desires to disclose Confidential Information to a person described within sub-part (i) of this section or any person not specified in this Section, the Party shall notify counsel for the Producing Party in writing of the proposed disclosure, at least ten (10) calendar days prior to the proposed disclosure. If the Producing Party objects to the proposed disclosure, the Producing Party shall provide written notice of the objection and grounds therefore within ten (10) calendar days after being notified of the proposed disclosures. If such dispute is not resolved informally between the Parties after conducting an FRCP 26-7 conference, the Producing Party must move the Court in accordance with Section 12 of this Stipulation and Order. There shall be no disclosure pending resolution of the dispute by the Court.

At no time is any Party required to disclose strategies to the other Party regarding the Confidential Information it intends to disclose to any individual authorized to receive Confidential Information pursuant to this Stipulation and Order. Nor is any Party required to provide a "roadmap" to the adverse Party about what the individual receiving Confidential Information will be asked regarding the Confidential Information.

**8. Filing of Confidential Information With Court.** Any Confidential Information filed with the Court by a Party reproduced or paraphrased in, as part of, and/or attached to any pleading, motion, brief, or memorandum shall be filed and maintained under seal in strict compliance with FRCP 5.2 and U.S. District Court Rule 10-5 Governing Sealing and Redacting Court Records. In accordance with FRCP 5.2 and U.S. District Court Rule 10-5 – Rules Governing Sealing and Redacting Court Records, the Parties shall not seal a pleading, motion, brief, or memorandum when redaction will easily resolve the issues.

**9. Knowledge of Unauthorized Use, Disclosure, Production or Possession of Confidential Information.** Counsel for the Receiving Party shall immediately notify counsel for the Producing Party in writing if the Receiving Party learns of any unauthorized possession, knowledge, use, production or disclosure of any Confidential Information in this Case in any manner inconsistent with the terms and conditions of this Stipulation and Order. The Receiving Party shall promptly furnish the Producing Party in writing the full details of such unauthorized possession, knowledge, use, production or disclosure. The Receiving Party shall: (i) use its best efforts to retrieve all copies of such Confidential Information; (ii) provide the person or non-party to whom unauthorized possession, knowledge, use, production or disclosure was made with a copy of this Stipulation and Order, and (iii) administer the Admonition, or a substantially-similar admonition, to that person or non-party. With respect to such unauthorized possession, knowledge, use, production or disclosure, the Receiving Party shall assist the Producing Party in preventing its recurrence and shall cooperate fully with the Producing Party in any litigation to prevent further unauthorized possession, use or dissemination of Confidential Information.

**10. Information Not Confidential.** The restrictions set forth in this Stipulation and

Order shall not be construed:

a. To preclude a Party or its counsel of record from making use of any information, document, material, item or thing which was lawfully in its possession prior to the approval by the Court of this Stipulation and Order and/or production or disclosure by the Producing Party; or

b. To apply to information obtained from any non-party to this litigation having the right to disclose such information, subject to and in accordance with the procedures in Section 11 herein; or

c. To apply to information or other materials that have been or became part of the public domain by the publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party; or

d. To apply to information or other materials that, under law, have been declared to be in the public domain.

For purposes of this Stipulation and Order, "tax returns" shall not be declared as information or other material that is or has become part of the public domain, unless such tax returns have been made publicly available pursuant to state or federal law or otherwise have voluntarily been made publicly available by such taxpayer.

**11. Production or Disclosure of Confidential Information by Non-Parties.** Promptly and in no event later than ten (10) days of receipt of any information, documents, materials, items or things produced by a non-party voluntarily or in response to a subpoena or court order, the Party who received the information, documents, materials, items, or things, who propounded the subpoena, or who caused the order to be issued ("Requesting Party") shall provide all Parties in this Case with copies thereof. Any party who reasonably believes in good faith that Confidential Information is contained in the discovery materials produced by the non-party may, within twenty (20) days of receipt thereof, designate or mark the specific discovery materials that contain said Confidential Information as "CONFIDENTIAL—Subject to Court Order". Until the twenty (20)

day period expires, the Parties shall treat all such discovery materials produced by the non-party as non-confidential. Nothing in this Section shall be construed to in any way limit the deposition of the non-party and/or the access, review of, and/or questioning of the non-party about the materials he or she produced in a response to a subpoena or court order.

**12. Challenges to Confidentiality Designations or Markings.** If at any time the Receiving Party reasonably believes in good faith that the Producing Party has unreasonably designated or marked certain, information, documents, materials, items or things as containing Confidential Information, or reasonably believes in good faith that it is necessary to disclose or reveal certain Confidential Information to a person or non-party other than those described in Section 7 of this Stipulation and Order, the Receiving Party must provide written notice to the Producing Party of its objection(s). The Parties shall comply with the requirements of U.S District Court Rule 26-7 to attempt to resolve informally any and all dispute(s) arising under or pursuant to the terms and conditions of this Stipulation and Order.

In the event the dispute is not resolved informally among the Parties during the meet—and—confer process, either Party may, within ten (10) days after the Parties have exhausted and concluded their U.S District Court Rule 26-7 obligations, file a motion with this Court to resolve the dispute. In connection with any such motion, the Producing Party shall have the burden of establishing confidentiality.

Until the Court rules on the motion, all Parties shall continue to afford the discovery material(s) in dispute the protection to which it is entitled under the terms and conditions of this Stipulation and Order, and will not disclose or reveal the disputed information to the person or non-party in dispute.

**13. Reservation of Rights. The Parties hereby reserve the following rights:**

a. Unless a prompt challenge to a designation or marking of any discovery material(s) as containing Confidential Information is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of this Case, a Party does not waive its right to challenge a confidentiality designation or marking by electing not

to mount an objection promptly after the original designation or marking is made by the Producing Party or by a person or non-party permitted to receive or be given access to Confidential Information pursuant to Section 7 of this Stipulation and Order.

b. Nothing in this Stipulation and Order, nor the production or disclosure of any information or document(s) under the terms and conditions of this Stipulation and Order, nor any proceeding(s) pursuant to this Stipulation and Order, shall be deemed or construed (i) to have the effect of an admission or a waiver by either Party of the confidential or non-confidential nature of any such discovery material(s); (ii) to alter the confidential or non-confidential nature of any such discovery material(s); (iii) to alter any existing or pending obligation of any Party or the absence thereof; and/or (iv) to affect in any way the authenticity or admissibility of any document, testimony, or other evidence at trial.

c. Entry of this Stipulation and Order does not preclude a Party from seeking or opposing additional or different protection for particular information, documents, materials, items or things.

d. Each Party reserves the right to object to the production, disclosure and/or use of any information, documents, materials, items and/or things that a Party designates or marks as containing Confidential Information on any other ground(s) it may deem appropriate, including, without limitation, on the ground of attorney-client privilege, work product, and/or any other privilege or protection provided under applicable law.

e. This Stipulation and Order shall neither enlarge nor affect the proper scope of discovery in this Case or in any other litigation, nor shall this Stipulation and Order imply that Confidential Information is properly discoverable, relevant or admissible in this Case or in any other litigation.

f. Nothing herein shall limit or circumscribe in any manner any rights the Parties (or their respective counsel) may have under common law or pursuant to any statute, regulation, or ethical rule.

g. Nothing in this Stipulation and Order is intended to either expand or limit a

prevailing Party's right under the Federal Rules of Civil Procedure or other applicable state or federal law to pursue costs and attorney's fees incurred in making a motion to challenge a confidentiality designation or marking pursuant to Section 12 of this Stipulation and Order.

h. The Producing Party reserve the right to seek amendment of this Stipulation and Order as provided herein to include "highly confidential" and/or "attorneys' eyes only" marks or designations with respect to certain Confidential Information that the Producing Party reasonably believes in good faith to contain highly sensitive and competitive information, the disclosure or production of which to the Receiving Party would cause competitive harm, economic injury, or other damage to the Producing Party that could not be avoided by other, less restrictive means, and thus, would require a more restrictive designation than provided for herein.

**14. Amendment.** This Stipulation and Order may be amended from time to time by written agreement of counsel of record for the Parties, which agreement shall be submitted to the Court in advance for its approval.

**15. Return or Destruction of Information.** Within thirty (30) days after final resolution in this Case, including any final judgment or appeal thereof, or the conclusion of any other legal proceeding (including arbitration proceedings) between any or all of the Parties to this Case, or such other time as the Parties may agree in writing, all information, documents, materials, items and things, together with all copies, excerpts, summaries, and/or compilations thereof, regardless of the medium or manner generated, stored or maintained, which have been designated or marked as containing Confidential Information, or otherwise treated by the Parties as confidential, shall be returned to the Producing Party. In lieu of returning such discovery material(s) as provided herein, counsel for the Receiving Party may certify in writing to counsel for the Producing Party within ten (10) business days that the discovery material(s) have been destroyed. The Parties shall take such measures as are reasonably necessary to prevent the public disclosure, dissemination or use of Confidential Information, through inadvertence or otherwise, after the conclusion of this Case, including any appeals.

**16. Other Actions and Proceedings.** If a Receiving Party (a) is subpoenaed in another

action or proceeding; (b) is served with a demand in another action or proceeding in which it is a party; or (c) is served with any other legal process by one not a party to this Stipulation and Order, seeking discovery material(s) that were designated or marked as containing Confidential Information in this Case, the Receiving Party shall give prompt written notice by hand or facsimile transmission to counsel of record for the Producing Party within five (5) business days of receipt of such subpoena, demand or other legal process or such shorter notice as may be required to provide the Producing Party with the opportunity to object to the immediate production or disclosure of the requested discovery material(s) to the extent permitted by law. The Receiving Party shall advise the Producing Party in writing of all of the following: (i) the information, documents, materials, items or things which the subpoena, demand or other legal process requests; (ii) the date on which compliance with the subpoena, demand or other legal process is requested; (iii) the location at which compliance with the subpoena, demand or other legal process is requested; (iv) the identity of the party serving the subpoena, demand or other legal process; and (v) the case name, jurisdiction, and any other information reasonably necessary to identify the other action or proceeding in which the subpoena, demand or other legal process has been issued. Should the person seeking access to Confidential Information take action against the Receiving Party or anyone else covered by this Stipulation and Order to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond by setting forth the existence of this Stipulation and Order.

**17. Compliance With This Stipulation and Order.** All counsel of record in this Case shall make a good faith effort to comply with the terms and conditions of this Stipulation and Order, and ensure that their clients, and the persons or non-parties receiving or being given access to Confidential Information pursuant to Section 7 of this Stipulation and Order, similarly comply herewith. The Parties or persons or non-parties receiving or being given access to Confidential Information in this Case shall not under any circumstance sell, offer for sale, advertise, or publicize the Confidential Information or any other information contained therein or derived therefrom or otherwise treated by the Parties as confidential. The Parties or persons or non-parties receiving or

being given access to Confidential Information in this Case shall not utilize any portion of the Confidential Information for their own personal and/or business advantage or gain, aside from purpose(s) solely related to the current litigation. The Parties or persons or non-parties receiving or being given access to Confidential Information in this Case acknowledge that there may be no adequate remedy at law for a breach of the obligations described in this Stipulation and Order, which breach may result in substantial or irreparable harm or injury to the Producing Party. Therefore, upon such breach, the Producing Party may be entitled to appropriate injunctive relief in addition to whatever relief might be available at law or in equity.

///

///

///

**18. Order Survives Termination.** This Stipulation and Order shall survive and remain in effect after the termination of this Case, including any appeals, and the Court shall retain continuing jurisdiction to enforce this Stipulation and Order, make any amendment(s), modification(s), or alteration(s) thereto as may be appropriate, and/or to resolve any dispute(s) concerning the use, production and/or disclosure of Confidential Information as provided hereunder.

DATED this 23rd day of April, 2015.

CARBAJAL & MCNUTT, LLP

*/s/ Dan McNutt*
DANIEL R. MCNUTT
Nevada Bar No. 7815
MATTHEW C. WOLF, ESQ.
Nevada Bar No. 10801
625 South Eighth Street
Las Vegas, Nevada 89101
drm@cmlawnv.com
mcw@cmlawnv.com

DATED this 23rd day of April, 2015.

STEPTOE & JOHNSON, LLP

*/s/ Dylan Ruga*
Michael P. McNamara
Dylan Ruga
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
mmcnamara@steptoe.com
druga@steptoe.com

**IT IS SO ORDERED:**

UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of April, 2015