**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| FRIAS HOLDING COMPANY and MARK A. JAMES, <br><br>   Plaintiffs, <br><br>vs. <br><br>GREENBERG TRAURIG, LLP, *et al.* <br><br>   Defendants. | Case No. 2:11-cv-160-GMN-VCF <br><br>**ORDER** <br><br>**MOTION TO SEAL (#97)** |

Before the court is Defendant Greenburg Traurig, LLC, Greenburg Traurig, P.A., and Scott D. Bertzyk's Motion to Seal (#97). For the reasons stated below, the motion is denied.

### LEGAL STANDARD

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978). "It is uncontested, however, that the right to inspect and copy judicial records is not absolute." *Id*. at 598.

When determining whether a document may be sealed, courts in the Ninth Circuit "treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Id.*

1

at 1178.[1] A party seeking to seal a judicial record attached to a dispositive motion "must articulate compelling reasons." *Id*. at 1178 (internal quotation marks omitted). This is a "high threshold showing." *Id*. at 1180. In general, compelling reasons exist where court files might become a vehicle for "improper purposes." *Id*. The gratification of private spite, the promotion of public scandal, the circulation of libelous statements, and the release of trade secrets satisfy this standard; embarrassment, incrimination, or exposure to further litigation do not. *Id*.

The Ninth Circuit requires "specific factual findings" to seal a judicial record attached to a dispositive motion. *Id*. This showing is akin to what *Iqbal* and *Twombly* require: formulaic recitations, legal conclusions, and "hypothesis or conjecture" do not suffice. *See id*. at 1179. To justify sealing, the movant must "present articulable facts identifying the interests favoring continued secrecy." *Id*. at 1181 (citation omitted). If the party seeking to seal a judicial record attached to a dispositive motion presents "compelling reasons" that are supported by "specific factual findings," then the court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1179 (internal quotation marks omitted).

By contrast, a party seeking to seal a judicial record attached to a nondispositive motion must demonstrate "good cause" under Federal Rule of Civil Procedure 26(c). *Id*. Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See id*. at 1180 (citing FED. R. CIV. P. 26(c)(1)). Rule 26(c) requires the moving party to make a "particularized showing." *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1138 (9th Cir. 2003). This showing is also akin to what *Iqbal* and *Twombly* require: formulaic recitations, legal conclusions, and "[b]road allegations of harm, unsubstantiated by specific

---

[1] The Ninth Circuit has identified two categories of documents that are traditionally kept secret: "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Kamakana*, 447 F.3d at 1178 (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)).

examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)). "To justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (citation omitted).

## DISCUSSION

Defendants move the court to seal excerpts from the deposition of Bruce Stoker, former manager of real estate for Plaintiff Frias Holding Company. The relevant excerpts are attached to a nondispositive filing. Defendants argue that the deposition excerpts should be sealed because they allegedly contain confidential information under the terms of an entered Stipulated Confidentiality Agreement and Protective Order. Defendants allege that pursuant to the agreement, parties may designate portions of deposition transcripts as containing "Confidential Information." (#97 at 1:9-11). During Bruce Stoker's deposition, Plaintiffs' counsel designated the deposition as having Confidential Information. (*Id.* at 16-19). Now, Defendants' request that the court keep the deposition excerpts sealed and allow Defendants to use the excerpts as evidence in support of their Opposition to Plaintiffs' Motion for Protective Order prohibiting the deposition of Phyllis Frias. The only argument Defendants offer in support of their motion is the legal conclusion that the deposition at issue is confidential. This is insufficient. A "particularized showing" is required. *See Foltz*, 331 F.3d at 1138.

A party may not rely on a stipulated protective order as the sole basis to seal records. There are three types of protective orders in federal practice: (1) protective orders, (2) sealing orders, and (3) umbrella or blanket orders. Protective orders excuse a party from producing information in response to a discovery request. *See, e.g.*, FED. R. CIV. P. 26(b)(2), (c)(1)(A), (C)–(E). Sealing orders shield a person's privacy interests by preventing the public from accessing court records. *See, e.g.*, FED. R. CIV. P.

26(c)(1)(F)–(H). Umbrella or blanket orders are stipulated agreements between the parties that require discovery to be conducted in a certain manner and forbid a party from disclosing discovery to third persons. *See, e.g.*, FED. R. CIV. P. 26(c)(1)(B).

Each type of protective order serves a different purpose by balancing different interests. Protective orders balance the plaintiff's search for the truth against the defendant's burden of production. *See Hickman v. Taylor*, 329 U.S. 495, 512 (1947); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Sealing orders balance the public's right of access to judicial records against a person's need for privacy. *See, e.g.*, *Kamakana*, 447 F.3d at 1180. Stipulated agreements, balance the need for discovery against unwanted consequences: possible disclosure to third parties. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003); *Methodist Hospitals, Inc. v. Sullivan*, 91 F.3d 1026, 1031 (7th Cir. 1996). Stipulated agreements expedite discovery by enabling litigants to rely on a promise of confidentially. *Foltz*, 331 F.3d at 1138; *Sullivan*, 91 F.3d at 1031.

Because protective orders, sealing orders, and stipulated agreements serve different purposes, the nature of the "particularized showing" that is required to obtain each order differs. A stipulated agreement cannot be used as a stand-alone basis for sealing judicial records. The parties have no more of a right to unilaterally block the public's right of access to judicial records by private agreement than the public has a right to access the parties' private records. *See Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 780 (1st Cir. 1988) ("[T]he public has no right to demand access to discovery materials which are solely in the hands of private party litigants.").

Here, Defendants' only argument is that the Stipulated Confidentiality Agreement and Protective Order should be the basis for sealing the deposition excerpts. Defendants' motion is denied without prejudice. Defendants may file a renewed Motion to Seal that includes a "particularized showing" by July 1, 2015. Bruce Stoker's deposition will remain sealed pending the renewed motion.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion to Seal (#97) is DENIED without prejudice. Defendants are granted LEAVE to file a renewed Motion to Seal in accordance with this order by July 1, 2015. Defendants' deposition will remain sealed pending further order of the court.

DATED this 17th day of June, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE