# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

FRIAS HOLDING COMPANY, *et al.*,

Plaintiff,

vs.

GREENBERG TRAURIG, LLP, *et al.*,

Defendant.

Case No. 2:11–cv–160–GMN–VCF

**ORDER**

MOTION FOR A PROTECTIVE ORDER (#95)
MOTION FOR A PROTECTIVE ORDER (#99)
MOTION TO SEAL (#140)
MOTION TO SEAL (#141)

This matter involves Frias Holding Company and Mark James' malpractice action against Scott Bertzyk and Greenberg Traurig. *See* (Amend. Compl. #27[1]). Four motions are before the court: (1) Frias Holding Company's Motion for a Protective Order (#99), which Non-Party Phyllis Frias joined (#101); (2) Greenberg Traurig's Motion for a Protective Order (#99); and (3) Frias Holding Company and Greenberg Traurig's Motions to Seal (#140, #141). For the reasons stated below, Frias Holding Company's Motion for a Protective Order (#95) is granted, Greenberg Traurig's Motion for a Protective Order (#99) is denied, and the parties' Motions to Seal (#140, #141) are granted.

## I. BACKGROUND

Defendant Scott Bertzyk is an attorney with the law firm Greenberg Traurig, LLP. Plaintiff Mark James was an attorney with the law firm Bullivant Houser Bailey, P.C. In May of 2005, Bertzyk and James were opposing counsel in two a commercial real estate actions in California and Nevada. James represented the sellers, Hotels Nevada, LLC, and Inns Nevada, LLC, and Bertzyk represented the buyers, L.A. Pacific Center, Inc. Before the actions were resolved, James transitioned out of the litigation and

---

[1] Parenthetical citations refer to the court's docket.

became president and CEO of Frias Holding Company, a taxi and limousine service company.

In June of 2008, the California action entered arbitration, during which Bertzyk allegedly asserted that James committed fraud and concealed or manipulated evidence. The arbitration panel found in favor of Bertzyk's client and, according to James, Bertzyk advised one of James' clients that it should consider filing a malpractice claim against James.

In July of 2009, James' retained Bertzyk's firm, Greenberg Traurig, in connection with James' operation of Frias Holding Company and a personal matter. No one at Greenberg Traurig informed James about Bertzyk's alleged statements. Nonetheless, while Greenberg Traurig was representing James, it commenced an action against James' former firm in connection with James' alleged malpractice. In support of the action, Bertzyk submitted a declaration that reiterated the comments he made during the arbitration proceeding: that James committed fraud and concealed or manipulated evidence.

When James discovered this, he terminated his relationship with Greenberg Traurig and commenced this action. James alleges that Bertzyk and Greenberg Traurig committed malpractice and breached their professional and fiduciary duties.

The parties are currently in the midst of discovery and four motions are before the court: Frias Holding Company's Motion for a Protective Order, which seeks to prevent the deposition of its President, Phyllis Frias; Frias Holding Company and Greenberg Traurig's Motions to Seal, which request an order sealing confidential information related to Mrs. Frias' deposition; and Greenberg Traurig's Motion for a Protective Order, which requests an order protecting it from producing documents in response to James' Requests for Production of Documents. Each is addressed below.

/// /// ///

/// /// ///

/// /// ///

## II. DISCUSSION

**I.     Frias Holding Company's Motion for a Protective Order (#95) is Granted**

The court begins with Frias Holding Company's Motion for a Protective Order, which requests an order preventing Non-Party Phyllis Frias from being deposed. Federal Rule of Civil Procedure 26(c) governs protective orders. It states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "To justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (citation omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)).

Rule 26(c) requires the moving party to make a "particularized showing." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003). This showing is akin to what *Iqbal* and *Twombly* require: formulaic recitations, legal conclusions, and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman*, 966 F.2d at 475 (citing *Cipollone*, 785 F.2d at 1121). The court has "broad discretion" to enter a protective order. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Frias Holding Company's motion is granted. The court held two hearings on the motion on July 6, 2015, and August 3, 2015. As noted during both hearings, Frias Holding Company's initially failed to make a "particularized showing" in support of its motion because it failed to disclose the basis for the

relief it requests[2] and argued that the Mrs. Frias lacks knowledge regarding the discovery sought. The court is unpersuaded by the latter argument. A party cannot resist a discovery request by asserting that the subpoenaed person lacks knowledge regarding the matter on which discovery is sought. *See* FED. R. CIV. P. 26(c)(1). If a person lacks knowledge, then that person must respond to the discovery request and state that he or she lacks knowledge. This argument is also unpersuasive because Frias Holding Company alleges that Mrs. Frias has knowledge regarding the controversy. *See* (Am. Compl. (#27) at ¶ 104).

On July 6, 2015, the court ordered Frias Holding Company to submit evidence *in camera* that satisfies Rule 26(c)'s particularized-showing requirement. The same evidence was also submitted to opposing counsel, who had an opportunity to rebut Frias Holding Company's particularized showing. During the court's August 3, 2015 sealed hearing, Greenberg Traurig argued that the *in-camera* evidence is insufficient to support a protective order because it is unauthenticated and/or unreliable.

The court is unpersuaded. Admissible evidence is not required to grant a protective order. *See* FED. R. CIV. P. 26(c)(1). Greenberg Traurig's concerns regarding the evidence's reliability is addressed by Rule 26(g). It states that, by signing a discovery response or disclosure, an attorney "certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry," the discovery response or disclosure is "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 26(g)(1)(B)(ii). On July 29, 2015, Frias Holding Company filed a sealed supplement with the court that contains the same evidence that was submitted *in camera*. This satisfies Rule 26(g) and neutralizes Greenberg Traurig's concerns.

---

[2] The court finds that this was a product of Frias Holding Company's discretion: it sought to conceal the basis for the relief it requests because the information is sensitive and public disclosure will cause annoyance, embarrassment, and undue burden.

The court has reviewed the evidence submitted *in camera* and finds that good cause exists to grant Frias Holding Company's Motion for a Protective Order and stay the deposition until November 1, 2015.[3] If the conditions warranting protection have not changed by November 1, 2015, Frias Holding Company may file an appropriate motion and seek an extension of the protection granted here.

### II.     **The Parties' Motions to Seal (#140, #141) are Granted**

The court also finds that good cause exists to grant Frias Holding Company and Greenberg Traurig's Motions to Seal, which request an order sealing confidential information related to Mrs. Frias' deposition. "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "It is uncontested, however, that the right to inspect and copy judicial records is not absolute." *Id*. at 598.

When determining whether a document may be sealed, courts in the Ninth Circuit "treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Id*. at 1178. A party seeking to seal a judicial record attached to a dispositive motion "must articulate compelling reasons." *Id*. at 1178 (internal quotation marks omitted).

By contrast, a party seeking to seal a judicial record attached to a nondispositive motion must demonstrate "good cause" under Rule 26(c). *Id*. Under Rule 26(c), "[t]he court may, for good cause, issue

---

[3] Because the evidence that was submitted *in camera* provides a textbook example of "undue burden" under Rule Rule 26(c), it is unnecessary for the court to reach the parties' argument regarding the so-called apex-deponent doctrine. The court also notes for the record that Mrs. Frias joined (#101) in Frias Holding Company's Motion for a Protective Order and has appeared in court to litigate her rights on two occasions. As a result, the court is unpersuaded by Greenberg Traurig's arguments regarding standing.

5

an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See id*. at 1180 (citing FED. R. CIV. P. 26(c)(1)). As discussed above, this requires a "particularized showing." *Foltz*, 331 F.3d at 1138.

For the reasons stated above, the parties have demonstrated good cause to seal their respective nondispositive memoranda of points and authorities because they discuss the evidence that Frias Holding Company submitted *in camera* on behalf of Phyllis Frias. Greenberg Traurig's Motion to Seal (#140) and Frias Holding Company's Motion to Seal (#141) are, therefore, granted.

### III. <u>Greenberg Traurig's Motion for a Protective Order (#99) is Denied with Leave to Renew</u>

The final motion before the court is Greenberg Traurig's Motion for a Protective Order. The court's analysis of Greenberg Traurig's motion begins with law governing discovery.

#### A. *Legal Standard*

Federal Rule of Civil Procedure 26(b)(1) governs discovery's scope. It provides for two forms of discovery: party-controlled discovery and court-controlled discovery. The first sentence of Rule 26(b)(1) governs party-controlled discovery. It states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The second sentence of Rule 26(b)(1) governs court-controlled discovery. It states that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id*. While parties are expected to conduct party-controlled discovery independently, and only request judicial intervention to end discovery disputes, court-controlled discovery begins with judicial intervention.

These provisions provide for "[l]iberal discovery." *Seattle Times*, 467 U.S. at 34. Liberal discovery serves "the integrity and fairness of the judicial process by promoting the search for the truth," *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993), and assisting "the preparation and trial, or settlement, of litigated disputes." *Rhinehart*, 467 U.S. at 34. It permits parties to "fish" for evidence, provided that they

cast a "reasonably calculated" lure. FED. R. CIV. P. 26(b), Advisory Comm. Notes (1946) (citation omitted) ("[T]he Rules . . . permit 'fishing' for evidence as they should."); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("[The] discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case.").

However, discovery has limits. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rules 26(b)(2) and 26(c)(1). In pertinent part, Rule 26(b)(2) states that the court "must" limit the frequency and extent of discovery if the discovery sought is "unreasonably cumulative or duplicative," can be "obtained from some other source that is more convenient, less burdensome, or less expensive," is untimely, or if "the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(2)(C).

If, as here, a party resists discovery, a "heavy burden" is on the resisting party to move for a protective order and demonstrate that good cause exists to "forbid[] the disclosure or discovery" of specific documents. FED. R. CIV. P. 26(c)(1)(A); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "To justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Serrano*, 699 F.3d at 901. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus*, 966 F.2d at 475 (citing *Cipollone*, 785 F.2d at 1121).

**B.**   *Analysis*

Greenberg Traurig's Motion for a Protective Order objects to twelve discovery requests that Plaintiffs propounded on Greenberg Traurig and five Non-Parties who have not appeared in this action.

Based on these twelve requests, Greenberg Traurig seeks an order granting four general forms of relief that prospectively limit the scope of discovery. Greenberg Traurig seeks an order (1) prohibiting Plaintiffs from obtaining discovery regarding the merits of the Alexis Park Litigation; (2) limiting the relevant period for Plaintiffs' discovery to a thirteenth-month window when James alleges to have been Greenberg Traurig's client; (3) "limiting the subject matter to public statements during the relevant time period that also were communicated to the Nevada Taxicab Authority"; and (4) "upholding privileges belonging to Greenberg Traurig and its longstanding client L.A. Pacific, whose privileges Greenberg Traurig is duty-bound to protect." (*Id*. at 6–7).

Greenberg Traurig's Motion for a Protective Order is denied for two reasons. First, Greenberg Traurig predicates its motion on discovery requests that were served on five Non-Parties who Greenberg Traurig does not represent and who have not appeared in this action. Greenberg Traurig lacks standing to request relief on behalf of these Non-Parties. Rule 26(c) provides that "[a] party or any person from whom discovery is sought may move for a protective order." It does not authorize the relief Greenberg Traurig requests: vicarious standing to request a protective order on a Non-Party's behalf. *See* 8 C. WRIGHT & A MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL § 2059 (3d ed. 2010) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action . . . ."); *see also United States v. Gordon*, 247 F.R.D. 509, 510 (E.D.N.C. 2007) (discussing standing and discovery requests).

Second, Greenberg Traurig's motion is denied because it seeks an advisory opinion. Greenberg Traurig's requests for relief are general and prospective. This is improper. Rule 26(b)(1) establishes the scope of discovery. It permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The Federal Rules of Civil Procedure expect the parties to conduct discovery on their own and resolve specific disputes without court assistance.

*See, e.g.*, FED. R. CIV. P. 37(a)(1) (requiring parties to meet and confer before requesting judicial intervention). If a specific discovery request violates Rule 26(b)(1)'s scope, then Rule 26(c)(1) permits a party to move for a protective order "forbidding the disclosure or discovery" that is sought by a specific request. However, the Rules do not permit a party to seek a general order that prospectively limits the scope of discovery.

Here, Greenberg Traurig's fourth request for relief seeks an order "upholding privileges belonging to Greenberg Traurig and its longstanding client L.A. Pacific, whose privileges Greenberg Traurig is duty-bound to protect." (Doc. #99 at 6–7). This request for relief improperly asks the court to enter an advisory opinion upholding the law of privileges in this matter. If Plaintiffs' discovery requests seek privileged information, the burden is on Greenberg Traurig (or the relevant non-party) to invoke the attorney-client privilege and produce a privilege log. If Plaintiffs dispute the validity of Greenberg Traurig's privilege, then Plaintiffs may file an appropriate motion. However, the court cannot decide whether a privilege should be upheld without a concrete dispute regarding a specific communication.

Greenberg Traurig's three remaining requests for relief are similarly problematic. They seek general forms of relief that prospectively limit discovery without demonstrating how a specific discovery requests violates an applicable Federal Rule of Civil Procedure. Greenberg Traurig seeks an order prohibiting discovery into the merits of the Alexis Park Litigation, limiting discovery to a thirteenth-month time period, and limiting discovery to "public statements." The court will not enter an order limiting discovery that may be propounded in the future.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Frias Holding Company's Motion for a Protective Order (#95) is GRANTED.

IT IS FURTHER ORDERED that Mrs. Frias' deposition is stayed until November 1, 2015.

9

IT IS FURTHER ORDERED that Greenberg Traurig's Motion for a Protective Order (#99) is DENIED with leave to renew.

IT IS FURTHER ORDERED that Greenberg Traurig's request for oral argument is denied. *See* LR 78-2.

IT IS FURTHER ORDERED that Greenberg Traurig's Motion to Seal (#140) is GRANTED.

IT IS FURTHER ORDERED that Frias Holding Company's Motion to Seal (#141) is GRANTED.

IT IS SO ORDERED.

DATED this 3rd day of August, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE